United States District Court
Southern District of Texas
**ENTERED**
April 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARIANO LOPEZ ROMERO, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. H-26-0696
§
BRET BRADFORD, et al., §
§
Respondents. §

## MEMORANDUM OPINION AND ORDER

Mariano Lopez Romero ("Petitioner") a citizen of Mexico, has resided in the United States since 2008.[1]  On December 22, 2025, Petitioner was taken into immigration custody by Immigration and Customs Enforcement under § 1225(b)(2).[2]  On January 20, 2026, an immigration judge denied Petitioner a bond hearing.[3]  Petitioner remains in immigration custody.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the (1) Immigration and Nationality Act and (2) due process.[4] Petitioner also argues that because he is a

---

[1]Verified Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶ 20.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Id.

[3]Id.

[4]Id. at 6-7; Petitioner's Response in Opposition to Respondent's Motion for Summary Judgment, Docket Entry No. 13, p.
(continued...)

member of a nationwide class under <u>Bautista v. Santacruz,</u> Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov, 25, 2025), he cannot be legally detained under § 1225(b)(2).[5]

Also pending before the court is Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ") (Docket Entry No. 12).  Respondents argue that Petitioner can legally be detained under § 1225(b)(2) because he is an applicant for admission.[6]

As the Fifth Circuit explained in <u>Buenrostro-Mendez v. Bondi,</u> 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest.  <u>Id.</u> at 498, 508.  The Fifth Circuit's analysis and holding applies in this case.  Moreover, the court declines to enforce the

---

[4](...continued)
3.

[5]Habeas Petition, Docket Entry No. 1, pp. 6–7.  The Central District of California issued three orders in its decision to vacate the Department of Homeland Security's interpretation and application of § 1225(b)(2) on a class-wide basis.  <u>Bautista v. Santacruz,</u> Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment in favor of the Petitioners); <u>Bautista v. Santacruz,</u> Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) (class certification); <u>Bautista v. Santacruz,</u> Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (vacating the DHS' policy under the APA).

[6]Respondents' MSJ, Docket Entry No. 12, pp. 1-2.

Central District of California's holding in <u>Bautista,</u> as it does not control in light of <u>Buenrostro-Mendez.</u>[7]

Petitioner's detention without a bond hearing does not violate substantive or procedural due process.[8]  As explained in <u>Garcia De La Cruz v. Bondi,</u> Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  <u>Id.</u> at *2 (quoting <u>Demore v. Kim,</u> 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in <u>Jacobo-Ventura,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**, and Petitioner's

---

[7]Other district courts have found that they are not bound by <u>Bautista</u> because the Central District of California lacked the authority to issue the opinion.  <u>See, e.g., Calderon Lopez v. Lyons,</u> No. 1:25-CV-226-H, 2025 WL 3683918, at *14 (N.D. Tex. Dec. 19, 2025) (holding that the Central District lacked authority to issue the orders in <u>Bautista</u> because the orders are advisory and because the orders "violate the INA's limits on judicial review"); <u>Jandres-Ordonez v. Bondi,</u> No. 6:25-CV-084-H, 2026 WL 274493, at *1 (N.D. Tex. Jan. 23, 2026) (same).

[8]Habeas Petition, Docket Entry No. 1, pp. 17-18.

Habeas Petition (Docket Entry No. 1) is **DENIED**.  The court will enter a final judgment in favor of Respondents.

   **SIGNED** at Houston, Texas, on this 10th day of April, 2026.

_____
                    SIM LAKE
       SENIOR UNITED STATES DISTRICT JUDGE